IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

**LISA CUNNINGHAM AND FRANK
HUGHES, as Co-Personal Representatives
of the ESTATE OF SPENCER MICHAEL
HUGHES,**

Case No. 1:25-cv-01040-CL

Plaintiff,

v.

**FINDINGS AND
RECOMMENDATION**

**JEFFREY STANFILL, JELD-WEN, INC.,
TRUCK INSURANCE EXCHANGE,
FARMERS INSURANCE EXCHANGE,
and FARMERS INSURANCE COMPANY
OF OREGON,**

Defendant.

CLARKE, Magistrate Judge

Plaintiffs bring this cause of action against Defendants Jeffery Stanfill and JELD-WEN,

Inc., alleging that their negligence caused a motor vehicle accident, resulting in the death of

Spencer Michael Hughes ("the Decedent"). Plaintiffs also bring a claim for breach of contract

against Farmers Insurance Exchange and Farmers Insurance of Oregon ("Farmers defendants"),

for failing to pay PIP and UIM claims related to the death of the Decedent. The case comes

before the Court on three motions.  For the reasons below, Defendant JELD-WEN's Motion to

Sever (ECF #3) should be DENIED. Plaintiffs' Motion to Remand (ECF #13) should be

GRANTED, and the Farmers defendants' Motion to Join (ECF #17) should be GRANTED.  This

case should be remanded to the Klamath County Circuit Court.

## FACTUAL BACKGROUND[1]

Plaintiffs allege that the Decedent, Spencer Michael Hughes, was operating under Hughes Towing and preparing to remove a disabled vehicle from Highway 20, near mile post 49, on July 29, 2022, at approximately 2:15 a.m. At the same time, Defendant Stanfill was driving a 2017 Ford F-250 truck eastbound on the same area of Highway 20. Plaintiffs allege that the truck struck the Decedent, causing injuries and damage, and ultimately causing his death one hour later. Plaintiffs claim that Defendant Stanfill was driving the truck while in the course and scope of his employment with Defendant JELD-WEN, and Plaintiffs claim that the negligence of both Stanfill and JELD-WEN caused the accident and the death of the Decedent.

Plaintiffs allege that, as a result of the motor vehicle accident described above, Plaintiffs sustained economic damages in the form of burial, memorial and funeral expenses, pecuniary losses, and the future loss of earnings and earning capacity of the Decedent, as well as the pain and suffering of the Decedent, and the loss of his love, society, and companionship. Plaintiffs claim that these losses exceed all insurance coverage available under the Decedent's underinsured motorist ("UIM") and personal injury protection ("PIP") policies, but the Farmers defendants have failed to pay those amounts.

The citizenship of the parties is not in dispute. The Decedent is survived by his parents, Lisa Cunningham and Frank Hughes, who are his heirs-at-law and the Plaintiffs in this case. Plaintiff Lisa Cunningham is a resident of Wasco Country, Oregon and Frank Hughes is a resident of Klamath County, Oregon. Defendant Stanfill is currently a resident of the State of Florida since he relocated from Oregon to Florida in June 2023. Defendant JELD-WEN is a corporation organized under the laws of the State of Delaware with its principal place of business in the State of North Carolina. Defendant Farmers Insurance Company of Oregon is an Oregon

---

[1] Facts in this section are as alleged in the Amended Complaint (ECF #1-2).

Corporation. Defendants Truck Insurance Exchange and Farmers Insurance Exchange are California insurance business entities organized under the laws of that state and authorized to do business in Oregon, but they are also reciprocal insurance exchanges which share citizenship with each of its members and are thus Oregon citizens.

## PROCEDURAL BACKGROUND

Plaintiffs filed this action in the Klamath County Circuit Court for the State of Oregon. The Amended Complaint was filed on May 12, 2025. Defendant JELD-WEN removed to federal court on June 17, 2025, asserting diversity jurisdiction. On the same date, JELD-WEN filed a Motion to Sever (ECF #3), claiming that the Farmers defendants were fraudulently joined in the state court action and asserting that this Court should disregard the Farmers defendants' citizenship for purposes of evaluating diversity jurisdiction. JELD-WEN seeks to sever the claims against the Farmers defendants and remand those non-diverse claims to state court.

On July 3, 2025, Plaintiffs filed a Motion to Remand (ECF #13), asserting that Defendant JELD-WEN improperly removed the case without diversity of citizenship of all parties. On July 31, 2025, the Farmers defendants filed a Motion to Join Plaintiffs' Motion to Remand (ECF #17). Plaintiffs and the Farmers defendants all assert that the entire case should be remanded so that the Klamath County Circuit Court can evaluate whether the breach of contract claims against Farmers is properly joined to the negligence claims against Stanfill and JELD-WEN.

## LEGAL STANDARD

Title 28 U.S.C. § 1441 provides in relevant part "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed." 28 U.S.C. § 1441(a). "A defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction. However, [i]t is to be presumed that a cause lies outside

[the] limited jurisdiction [of the federal courts] and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (internal quotation marks omitted). Thus, in a removal situation, the defendant has the burden of proving jurisdiction, and the burden of proof is preponderance of the evidence. *See Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Hunter*, 582 F.3d at 1042 ("The 'strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper,' and that the court resolves all ambiguity in favor of remand to state court.").

## DISCUSSION

The central question in all three of the motions currently at issue in this case is whether the Court has proper subject matter jurisdiction to consider the case. JELD-WEN has removed the case to federal court asserting diversity jurisdiction, notwithstanding that Plaintiffs and the Farmers defendants are all citizens of Oregon. JELD-WEN asserts that the Farmers defendants' citizenship should be ignored for the purposes of evaluating diversity jurisdiction due to (1) fraudulent joinder, and (2) procedural misjoinder. JELD-WEN has not carried its heavy burden to show fraudulent joinder, and the Court lacks subject matter jurisdiction to consider procedural misjoinder. Therefore, this case should be remanded to state court for a determination of the misjoinder issues.

### 1. JELD-WEN fails to carry its burden to show fraudulent joinder.

The Ninth Circuit has noted that there are two ways to establish fraudulent joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a

cause of action against the non-diverse party in state court." *Hunter,* 582 F.3d at 1044.

Defendant JELD-WEN does not assert actual fraud in the pleading of jurisdictional facts, so the

Court considers only the second way.

Fraudulent joinder is established the second way if a defendant shows that an

"individual[] joined in the action cannot be liable on any theory." *Ritchey v. Upjohn Drug Co.*,

139 F.3d 1313, 1318 (9th Cir. 1998). But "if there is a possibility that a state court would find

that the complaint states a cause of action against any of the resident defendants, the federal

court must find that the joinder was proper and remand the case to the state court." *Hunter*, 582

F.3d at 1046. "The analysis under this second prong is a stringent one, and [it] requires more

than a showing that the asserted claims may be vulnerable to attack, as an example, for failure to

state a claim." *Cnty. of Multnomah v. Exxon Mobil Corp.*, 2024 WL 1991554, at *3 (D. Or. Apr.

10, 2024), report and recommendation adopted, 2024 WL 2938473 (D. Or. June 10, 2024) *(citing*

*Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 549 (9th Cir. 2018). Rather,

"[b]ecause the purpose of the fraudulent joinder doctrine is to allow a determination whether the

district court has subject matter jurisdiction, the standard is similar to the 'wholly insubstantial

and frivolous' standard for dismissing claims under Rule 12(b)(1) for lack of federal question

jurisdiction." *Id.* (citations omitted)); *see also Chatfield v. Brenntag N. Am., Inc.*, No. 3:23-cv-

01399-HZ, 2023 WL 8947928, at *4 (D. Or. Dec. 28, 2023). A defendant invoking federal court

diversity jurisdiction on the basis of fraudulent joinder bears a "heavy burden" since there is a

"general presumption against [finding] fraudulent joinder." *Hunter*, 582 F.3d at 1046. *Id.*

(citations omitted).

Here, Plaintiffs' Amended Complaint establishes a cause of action against the Farmers

defendants. Plaintiffs allege that, as a result of the motor vehicle accident and the death of the

Decedent, Plaintiffs sustained economic damages in the form of burial, memorial and funeral expenses, pecuniary losses, and the future loss of earnings and earning capacity of the Decedent, as well as the pain and suffering of the Decedent, and the loss of his love, society, and companionship. Plaintiffs claim that these losses exceed all insurance coverage available under the Farmers defendants' underinsured motorist ("UIM") and personal injury protection ("PIP") policies, but the Farmers defendants have failed to pay those amounts.

Defendant JELD-WEN argues that the claim against the Farmers defendants is not "ripe for adjudication" because an insurer has no UIM liability unless and until the insured has exhausted the limits of the underinsured tortfeasor's insurance coverage. JW Opp Brief (ECF # 19) (citing *Zimmerman v. Allstate Prop. & Cas. Ins. Co.*, 354 Or. 271, 288, 311 P.3d 497, 506 (2013)). JELD-WEN argues that the federal court therefore "lacks jurisdiction to adjudicate claims that are not yet justiciable." However, Federal Rule of Civil Procedure 18(b) expressly allows for joinder of a contingent claim: "A party may join two claims even though one of them is contingent on the disposition of the other[.]" JELD-WEN cites to no authority for the proposition that such a claim is absolutely barred, merely because a determination of liability is contingent on the outcome of another dispute. Additionally, JELD-WEN's argument regarding the UIM claim does not address the availability of Plaintiffs' PIP claim, which may or may not be contingent or ripe for consideration.

Finally, regardless of whether the claims against the Farmers defendants are properly joined, or whether such claims are contingent, digging deeper into the ripeness of Plaintiffs' claims is not an appropriate undertaking when considering fraudulent joinder. *See e.g., JMLB Indus., LLC v. Obsidian Specialty Ins. Co*., No. 24-CV-87-JDR, 2025 WL 825201, at *3 (N.D. Okla. Mar. 14, 2025) ("ripeness argument is the type of nuanced argument that does not

ordinarily support a finding of fraudulent joinder") (internal citations omitted). If the claims are not clearly "wholly insubstantial and frivolous" or procedurally barred on their face, then they are not fraudulently joined.

Here, the Amended Complaint states at least one viable cause of action against the Farmers defendants. Considering the stringency of the Court's analysis on this issue, and the heavy presumption in favor of remand, JELD-WEN has not met its burden in this case. Therefore, the Court cannot disregard the citizenship of the Farmers' defendants in evaluating diversity jurisdiction. Lacking complete diversity of citizenship, this Court lacks subject matter jurisdiction to hear this case. Plaintiffs' motion for remand should be GRANTED and this case should be remanded to the Klamath County Circuit Court of Oregon.

**2. The Court lacks subject matter jurisdiction to consider procedural misjoinder.**

JELD-WEN moves to sever the claims against the Farmers' defendants under a theory of "procedural misjoinder," which relies on Rules 20 and 21. Rule 20 states:

> (2) **Defendants**. Persons…may be joined in one action as defendants if:
>     (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>     (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). Additionally, under Rule 21:

> Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

Fed. R. Civ. P. 21. JELD-WEN asserts that the Farmers defendants are not properly joined because the claim for negligence asserted against JELD-WEN and Stanfill and the claim for

breach of contract asserted against the Farmers defendants do not meet either part of Rule 20. JELD-WEN moves to sever and remand the breach of contract claims under Rule 21.

Procedural misjoinder is not available in this case as a tool for evaluating whether a party should be disregarded for determining diversity jurisdiction. First, the Ninth Circuit has not endorsed such a doctrine. *See California Dump Truck Owners Ass'n v. Cummins Engine Co.*, 24 F. App'x 727, 729 (9th Cir. 2001) (*citing Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353 (11th Cir.1996)); *Tyson v. Fife*, 2018 WL 3377085, at *3 (D. Nev. July 11, 2018). While the *California Dump Truck* case is well over 20 years old, a recent case in the District of Oregon reviewed the development of this issue in the Ninth Circuit. *See Cnty. of Multnomah*, 2024 WL 1991554, at *7. In that case, Judge You noted that the Ninth Circuit still has not endorsed procedural or egregious misjoinder. The development in this area of the law has largely been driven by the district courts, presumably as a result of the limits on appealing remand orders, *see* 28 U.S.C. 1447(d). *Id.* (citing *Hampton v. Insys Therapeutics, Inc.*, 319 F. Supp. 3d 1204, 1210–12 (D. Nev. 2018). Evaluating the robust body of law developed by the district courts within the Ninth Circuit, however, Judge You concluded that, "while there are a small handful of cases that have applied procedural misjoinder... the cases that have refused to use the doctrine are far and away the majority." *Id.*

Not only is the overwhelming weight of authority against the use of procedural misjoinder in analyzing diversity jurisdiction, Judge You also found that the reasoning underpinning those decisions was compelling. This Court agrees. There is a critical problem in relying on procedural misjoinder to evaluate a question of subject matter jurisdiction: applying a Federal Rule of Civil Procedure, such as Rule 20 or Rule 21, presumes that this Court has subject matter jurisdiction over the action to begin with. Such a presumption is premature. "It makes

little sense for a court first to sever part of the case under Rule 20, and only then find it has jurisdiction." *Id.* (*quoting Thee Sombrero, Inc. v. Murphy*, 2015 WL 4399631, at \*4 (C.D. Cal. July 17, 2015); *see also Perry v. Luu*, 2013 WL 3354446, at \*5 (E.D. Cal. July 3, 2013).

Moreover, the procedural misjoinder doctrine is inconsistent with the principle that removal under § 1441 is "strictly construed, and any doubts as to the right of removal must be resolved in favor of remanding to state court." *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006); *see also Early v. Northrop Grumman Corp.*, 2013 WL 3872218, at \*3 (C.D. Cal. July 24, 2013); *Hampton*, 319 F. Supp. 3d at 1212 ("[A]dopting the fraudulent misjoinder doctrine is an improper expansion of federal subject matter jurisdiction without legislative authorization."). District courts in the Ninth Circuit have determined that the "better rule is to grant plaintiff's motion to remand and have the state court decide the misjoinder issue." *Cnty. of Multnomah*, 2024 WL 1991554, at \*7 (*citing Mohansingh v. Crop Prod. Servs., Inc.*, 2017 WL 4778579, at \*5 (E.D. Cal. Oct. 23, 2017) (additional citations omitted).

Here, the Court has already determined that it lacks subject matter jurisdiction because there has been no fraudulent joinder and the parties lack complete diversity. Having done so, it would be anathema to then exercise subject matter jurisdiction in order to make a determination on procedural misjoinder, sever the Farmers' defendants, and remand those claims.

At oral argument, JELD-WEN argued that *County of Multnomah*, 2024 WL 1991554, is distinguishable from this case, pointing out that none of the cases cited by Judge You in that decision deal with the types of claims in this case – that is, personal injury negligence and UIM breach of contract. But the lack of subject matter jurisdiction is unaffected by the types of claims at issue here, except to the extent considered above in analyzing fraudulent joinder. Having

determined that Plaintiffs stated a cause of action against the Farmers defendants, the distinguishing type of action is not material to the outcome as to procedural misjoinder.

Finally, the Court finds that this outcome is not prejudicial to JELD-WEN's interests in any way. Remand merely returns the case to the original status quo and allows the state court to consider the issue of joinder and severance. If progress in the case has been delayed, such loss of time is a direct result of premature and improper removal only. In the event the state court finds severance to be proper, JELD-WEN can at that time remove the pertinent piece of the case to federal court, with no prejudice other than its own delay. *See Hampton*, 319 F. Supp. 3d at 1213.

## RECOMMENDATION

For the reasons above, Defendant JELD-WEN's Motion to Sever (ECF #3) should be DENIED. Plaintiffs' Motion to Remand (ECF #13) should be GRANTED and the Farmers' defendants Motion to Join Plaintiffs' Motion to Remand (ECF #17) should be GRANTED. This case should be remanded to the Klamath County Circuit Court of Oregon.

## SCHEDULING

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due no later than fourteen (14) days after the date this recommendation is entered. If objections are filed, any response is due within fourteen (14) days after the date the objections are filed. *See* FED. R. CIV. P. 72, 6. Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED this _____ 8 _____ day of September, 2025.

_____
MARK D. CLARKE
United States Magistrate Judge